UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Walter A., <br><br> Petitioner, <br><br> v. <br><br> Peter B. Berg, Director of St. Paul Enforcement and Removal Operations, Immigration and Customs Enforcement; Kristi Noem, Secretary of the Department of Homeland Security; Warden, Port Isabel Detention Center; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Immigration and Customs Enforcement; and Pamela Bondi, Attorney General of the United States, <br><br> Respondents. | No. 25-cv-4720 (SRN/LIB) <br><br><br> **ORDER** |

Stacey Rogers, SSR Law Group LLC, 600 25th Ave. S., Ste. 201, St. Cloud, MN 56301; Hannah Brown, 1907 E. Wayzata Blvd., Ste. 300, Wayzata, MN 55391, for Petitioner

Ana Voss and Trevor Brown, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Respondents

SUSAN RICHARD NELSON, United States District Judge

     Before the Court is the Motion for a Temporary Restraining Order ("TRO Motion") [Doc. No. 4] filed by Petitioner Walter A. Among the relief he seeks in his TRO Motion is a continuation of an existing order enjoining Respondents from removing him from the

1

United States while this habeas proceeding is pending. In response, Respondents have filed a Motion to Dismiss or Transfer Venue [Doc. No. 9].

Petitioner faces imminent deportation despite being granted deferred action based on his Special Immigrant Juvenile Status ("SIJS") by U.S. Citizenship and Immigration Services ("USCIS"), which would result in clear irreparable harm to Petitioner because he would lose his SIJ status and any meaningful opportunity for judicial review. The Habeas Petition and the parties' motions raise complex questions of law. Extending the existing stay results in no corresponding harm to Respondents. Accordingly, the Court **extends the existing stay of removal** to simply preserve the status quo until it can adequately address the issues raised by both the Petitioner and the Respondents. Respondents remain enjoined from removing or deporting Petitioner Walter A. from the United States until the Court has ruled on the pending motions. Because the Court's stay of removal is extended, Petitioner's TRO Motion is denied as moot in part as it pertains to removal, denied in part as to its request for Petitioner's return to the District of Minnesota, and deferred in part as to Petitioner's other requested relief.

I.   BACKGROUND

   A. Factual Background

Petitioner is a 21-year-old citizen of Guatemala who suffered physical, sexual, and emotional abuse in his home country. (Pet. at 20–21.) He entered the United States without inspection at the age of 15 in 2020. (*Id.*)

Following his May 2024 arrest on alcohol-related driving offenses in South Dakota, where the charges remain pending, Petitioner was released from state custody. (*Id.* at 22.) At that

time, agents with Immigration and Customs Enforcement ("ICE") arrested him and issued a Notice to Appear, charging Petitioner with being an alien present in the United States without being admitted or paroled, or who arrived at a time or place other than as designated by the Attorney General, initiating Petitioner's removal proceedings. (*See id.*)

While in immigration detention, in October 2024, Petitioner obtained a Minnesota state court order that found him to be a dependent, at-risk juvenile who could not safely return to either of his parents and that returning him to Guatemala was not in his best interest. (*Id.*; TRO Mot. at 3.) He then filed an I-360 SJIS petition with USCIS. His petition disclosed his criminal history. (Pet. at 23.) On February 11, 2025, USCIS approved his I-360 SJIS Petition and granted him deferred action through October 2028.[1] (*Id.* at 22–23; TRO Mem. at 3.) Petitioner then moved to terminate removal proceedings. (Pet. at 23.)

On February 21, 2025, the Immigration Judge ("IJ") granted him deferred action through October 2028 based on his SIJS status and terminated his removal without prejudice. (*Id.*)

Allegedly based on a factual error (finding that Petitioner was convicted of two counts of DWI), the Board of Immigration Appeals ("BIA") found that the IJ should not have terminated removal proceedings. (*Id.*)

On remand, the IJ denied asylum, withholding of removal and protection under the Convention Against Torture, and entered a final removal order on October 14, 2025. (*Id.* at 24.) The order became administratively final on November 13, 2025. (*Id.*)

---

[1] Petitioner also filed an I-914 Application for T Nonimmigrant Status, an I-192 Application for Advance Permission to Enter as a Nonimmigrant, and an I-918 Application for U Nonimmigrant Status, all of which remain pending with USCIS. (Pet. at 23.)

3

Petitioner filed a Stay of Removal with ICE, which remains pending. (*Id.* at 25.) He filed a Motion to Reopen in Immigration Court, challenging DHS's ability to uphold the charges of removability given his SIJ status, as well as issues concerning IJ errors, other constitutional and legal violations, and evidence of new harm and threats he would face if he were deported to Guatemala. (*Id.*) The Immigration Court denied his Motion to Reopen. (*Id.*) Petitioner has appealed to the BIA, and the appeal remains pending. (*Id.*)

Petitioner is in detention awaiting removal, consistent with 8 U.S.C. § 1231(a)(2), which requires that noncitizens subject to final orders of removal be detained during a 90-day "removal period."

### B. Procedural History in Federal Court

On November 19, 2025, Petitioner filed a Petition for a Writ of Habeas Corpus, challenging his post-removal-order detention on the basis that there was no significant likelihood of his removal in the reasonably foreseeable future.[2] *Walter A. v. Berg*, No. 25-cv-4376 (PJS/DLM). He sought his immediate release. *Id.*, Doc. No. 1. The matter was assigned to the Honorable Patrick J. Schiltz, Chief Judge of the U.S. District Court for the District of Minnesota. Given that the Habeas Petition was filed within the 90-day removal period when detention is required, Chief Judge Schiltz found that Walter A's detention was lawful. *Id.*, Doc. No. 10 at 5–6. He therefore denied habeas relief without prejudice. *Id.*

---

[2] Earlier, in April 2025, Petitioner filed a Petition for a Writ of Habeas Corpus in which he sought his release prior to the entry of the removal order. *Walter A. v. Berg*, No. 25-cv-1915 (PAM/LIB). The Honorable Paul Magnuson, to whom the case was assigned, found that the Court lacked jurisdiction over three of Petitioner's claims, and denied relief on Petitioner's remaining due process claim. *Id.*, Doc. No. 13 at 7–8. Judge Magnuson dismissed the action without prejudice. *Id.* at 8.

4

However, Chief Judge Schiltz granted Petitioner a limited stay, *id.*, Doc. No. 15, and, on December 10, 2025, extended the stay, *id.*, Doc. No. 17, through December 22, 2025 to enjoin Walter A.'s removal and give Petitioner time to seek further habeas relief concerning his claim that USCIS had granted him SIJ status and deferred action, yet refused to honor them. *See id.* Petitioner described his removal as "imminent." Doc. No. 12. Again, Chief Judge Schiltz's December 10, 2025 stay of removal contemplated that Petitioner would seek further habeas relief by December 22, 2025. Doc. No. 17 at 2–3.

Petitioner filed the instant TRO Motion and Petition on December 19, 2025, seeking to extend the limited stay of removal to allow for an expedited hearing on his efforts to enforce USCIS's grant of deferred action. In his Petition, he asserts that he is being detained in violation of: (1) his due process rights under the U.S. Constitution; (2) the Suspension Clause of the U.S. Constitution; (3) the Administrative Procedure Act; and (4) the Immigration and Nationality Act ("INA"). (Pet. at 41–44.)

As noted earlier, in response, Respondents move to dismiss for improper venue or transfer. They argue that the Court lacks subject matter jurisdiction under 8 U.S.C. § 1252(g), that Petitioner is improperly using habeas relief to secure his transfer back to Minnesota, and that Petitioner is improperly raising arguments that were previously rejected.

## II.   DISCUSSION

### A. Jurisdiction

For the limited purpose of extending the stay to permit the parties to fully present their arguments, the Court finds that at this stage, it has subject matter jurisdiction. A

5

district court may grant a writ of habeas corpus to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *see also I.N.S. v. St. Cyr*, 533 U.S. 289, 305–07 (2001).  To a limited extent, some statutory provisions constrain judicial review of immigration matters, such as 8 U.S.C. § 1252(g), which bars district courts from hearing challenges to the method by which the Secretary of Homeland Security chooses to commence proceedings, adjudicate cases, or execute removal orders.  *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018); *see also Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–85 (1999) (noting there was "good reason" for Congress to proscribe judicial review of the Attorney General's "discrete acts of 'commenc[ing] proceedings, adjudicat[ing] cases, [and] execut[ing] removal orders,'" as they constituted "the initiation or prosecution of various stages in the deportation process.").

As recognized in the December 10, 2025 Stay Order, the question of this Court's subject matter jurisdiction is squarely implicated.  In *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 909 (W.D. Wash. 2025), the court found its subject matter jurisdiction was not barred by § 1252(g) because the petitioner's "claims ar[o]se from the Government's decision to grant him deferred action combined with ICE's subsequent refusal to honor that grant."  At this time, the Court continues to find that § 1252(g) does not bar this Court's exercise of subject matter jurisdiction sufficient to extend the existing stay in order to entertain the parties' respective motions.

B. **SIJ Status and Deferred Action**

Congress established SIJ status "to protect abused, neglected or abandoned children who, with their families, illegally entered the United States, and it entrusted the review of SIJ petitions to USCIS[.]" *Osorio-Martinez v. Attorney Gen. United States of Am.*, 893 F.3d 153, 163 (3d Cir. 2018). By creating this status, the INA confers certain protections against removal for young immigrants. *Joshua M. v. Barr*, 439 F. Supp. 3d 632, 655 (E.D. Va. 2020). "Accordingly, a juvenile who received SIJ status could be removed on certain grounds, such as serious criminal convictions, *but could not be removed for having [] entered the country somewhere other than at an official checkpoint*." *Id.* (citing 8 U.S.C. § 1227(c)) (emphasis in original).

> Under the INA, an SIJ is "an immigrant who is present in the United States":
>
> (i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;
>
> (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and
>
> (iii) in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status[.]

8 U.S.C. § 1101(a)(27)(J). SIJ status and eligibility require a physical presence in the United States. *Id.* If Petitioner were removed, he would lose SIJ status and any meaningful opportunity for judicial review would be foreclosed.

As to deferred action, once such status is conferred, for humanitarian reasons, "no action will thereafter be taken to proceed against an apparently deportable alien[.]" *AADC*, 525 U.S. at 484.  Although USCIS has made other changes in immigration policy, it recently stated that "aliens with current deferred action based on their SIJ classification will generally retain this deferred action, as well as retain their current employment authorization provided based on this deferred action, until the current validity periods expire."  USCIS, *Policy Alert PA-2025-07* (June 6, 2025), https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20250606-SIJDeferredAction.pdf.  Petitioner has obtained deferred action status through October 2028.  (Pet'r's TRO Mot. at 1.)

A district court may grant a writ of habeas corpus to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *see also I.N.S. v. St. Cyr*, 533 U.S. 289, 305–07 (2001).  As Petitioner notes, courts have granted habeas relief where the government seeks to remove noncitizens whose deferred action status remains in effect. *See, e.g., Sepulveda*, No. 2:25-cv-1063, 2025 WL 2209708, at *3–5 (W.D. Wash. Aug. 4, 2025) (granting habeas relief to petitioner with deferred action status); *Guerra Leon v. Noem*, No. 3:25-cv-01495- TAD-KDM, Memorandum Order (W.D. La. Oct. 30, 2025) (same).  If deferred action status does not preclude removal while it remains in effect, then conferring such status would be meaningless.

### C. Venue

As noted earlier, Respondents have moved to dismiss for improper venue or to transfer this matter to the Southern District of Texas, where ICE transferred Petitioner. Like Petitioner, they present colorable arguments on complicated questions of law. "For core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Respondents argue that because of this jurisdictional defect, the Court cannot proceed to the merits of Petitioner's Petition.

In response, Petitioner argues that Respondents directed counsel to send a stay of removal request to their office, as they retained authority over Petitioner's detention. (Pet'r's Opp'n [Doc. No. 14] at 3.) Petitioner contends that at last contact, a supervisor at the St. Paul Enforcement and Removal Operations office was reviewing and deciding the matter. (*Id.*) In addition, Petitioner suggests that his transfer was retaliatory and related to his habeas petition. (*Id.*)

### D. Extending the Stay to Maintain the Status Quo

In light of the complicated questions before the Court, the Court extends the existing stay of removal to maintain the status quo. This will allow the parties to fully brief and argue their respective positions and respond to opposing arguments. For example, because Respondents moved to dismiss based on venue, they did not respond to the merits of Petitioner's arguments. To be clear, Petitioner's TRO Motion is denied as moot as it relates to removal from the United States. Extending the stay of removal to allow a full opportunity for the parties to be heard obviates the need for a TRO to that effect.

9

Petitioner's TRO Motion is denied as it relates to his request to return to the District of Minnesota, and the Court defers ruling on the additional relief that he requests. This procedure will allow the Court and the parties sufficient time to address these complex matters.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner's existing stay of removal is **EXTENDED** to maintain the status quo. Respondents and their officers, agents, servants, employees, and all others in active concert and participation with them are **ENJOINED** from removing Petitioner Walter A. from the United States from the date of this order until this Court rules on the pending motions before it.

2. Petitioner Walter A's Motion for a Temporary Restraining Order [Doc. No. 4] is **DENIED AS MOOT** as to the removal of Petitioner from the United States in light of the extension of the existing stay of removal; **DENIED** as to Petitioner's request to return to the District of Minnesota; and **DEFERRED** as to other requested relief.

3. As to the remaining issues raised in the Petition and the TRO Motion, the Court converts the pending TRO Motion to a Motion for a Preliminary Injunction. A hearing will be held on Petitioner's Motion for a Preliminary Injunction and on Respondents' Motion to Dismiss or Transfer Venue [Doc. No. 10] on Thursday, January 29, 2026, at 9:30 (CST), via Zoom. The Court will send a Zoom link closer to the hearing date.

4. Respondents shall file an Answer to the Petition and respond to the substantive issues raised in the Motion for a Preliminary Injunction no later than January 15, 2026. Petitioner may file a reply memorandum no later than January 22, 2026. Respondents may file a reply memorandum to Petitioner's Response to their Motion to Dismiss or Transfer Venue no later than January 15, 2026.

Dated: December 22, 2025                s/Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Judge